No. 09-3234-cr
United States v. Cruz

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of   September, two thousand ten.

PRESENT:    JOSEPH M. McLAUGHLIN,
            GERARD E. LYNCH,
                        *Circuit Judges*,
            WILLIAM K. SESSIONS III,
                        *District Judge.*[*]

------------------------------------------------------------------

UNITED STATES OF AMERICA,
                        *Appellee*,


            v.                                              No. 09-3234-cr

JUAN CRUZ CRISOSTOMO,
                        *Defendant-Appellant.*

------------------------------------------------------------------

FOR APPELLANT:        LAURIE S. HERSHEY, Manhasset, New York, on
                      submission.

FOR APPELLEE:         JOHN J. O'DONNELL, Assistant United States Attorney
                      (Michael Bosworth, on the brief), *for* Preet Bharara, United
                      States Attorney for the Southern District of New York, New
                      York, New York.

---

[*] Honorable William K. Sessions III, Chief Judge, United States District Court for the District of Vermont, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Juan Cruz Crisostomo ("Cruz") appeals from a 26-month sentence imposed after he pleaded guilty to one count of engaging in a money-laundering conspiracy. See 18 U.S.C. § 1956(h). Cruz challenges the substantive reasonableness of his sentence on the ground that a co-defendant received a lesser sentence of only one year and a day. We assume the parties' familiarity with the relevant facts, the procedural history of this case, and the issues presented on appeal.

In coming to a reasonable sentence, a district court must consider the factors listed in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines range, and "conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense," in order to reach "an informed and individualized judgment . . . as to what is 'sufficient, but not greater than necessary' to fulfill the purposes of sentencing." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc), quoting 18 U.S.C. § 3553(a). We review sentences under a "deferential abuse-of-discretion standard," id., quoting Gall v. United States, 552 U.S. 38, 40 (2007), and will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions," id. (emphasis and internal quotations marks

omitted).

Cruz's sentence lies within the range of permissible sentences. The district court correctly calculated his Guidelines range as 30-to-37 months, and then considered the relevant sentencing factors under § 3553(a). On the one hand, letters from Cruz's priest and family members praised him as a good, hard-working member of the community, and Cruz pleaded guilty and provided some information to the authorities. On the other hand, Cruz committed a serious crime. Moreover, the government declined to move for a departure based on Cruz's cooperation, because some of the information Cruz supplied was false, hindering the government's investigation and prosecution of other cases. After considering these factors, the district court sentenced Cruz to 26 months' incarceration, four months below the bottom of the Guidelines range, giving Cruz credit for "only some small amount of cooperation" and for surrendering himself to the government. The four-month downward variance suggests that the district court, in balancing factors, believed that the balance tipped in Cruz's favor but not overwhelmingly so. We think this is a reasonable conclusion and therefore find no abuse of discretion.

Cruz disagrees, arguing that his sentence creates an "unwarranted sentencing disparit[y]" between him and one of his co-defendants who received nearly 14 months less than he did. 18 U.S.C. § 3553(a)(6). He acknowledges, as he must, that § 3553(a)(6) focuses on nationwide sentencing disparities, not those between co-defendants, and that, while a district court *may* consider such intra-conspiracy disparities in the exercise of its discretion, it is not compelled to do so. See United States v. Frias, 521 F.3d 229, 236 & n.8 (2d Cir.

3

2008).  Moreover, it is not clear that Cruz and his co-defendant were similarly situated.  We therefore cannot fault the district court for not giving Cruz a more lenient sentence.

For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court